IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DUIT CONSTRUCTION COMPANY, INC.                                    PLAINTIFF

v.                              Case No.  4:13-cv-00458-KGB

SCOTT BENNETT, et al.                                             DEFENDANTS

OPINION AND ORDER

Before this Court is plaintiff Duit Construction Company, Inc.'s ("Duit") motion to reconsider dismissal (Dkt. No. 43) and plaintiff's brief regarding standing and related issues (Dkt. No. 46).  Defendants Scott Bennett, Frank Vozel, Emmanual Banks, Mike Sebren, Ralph Hall, John Ed Regenold, John Burkhalter, Dick Trammel, Tom Schueck, and Robert S. Moore, Jr. (collectively "Defendants"), in their representative capacities only, filed defendant's post-remand brief addressing Duit's motion to reconsider and its brief regarding standing and related issues (Dkt. No. 48).  The Court denies Duit's motion to reconsider dismissal and dismisses Duit's remaining Federal Aid Highway Act of 1956 ("FAHA"), 23 U.S.C. §§ 101 *et seq.*, and due process claims for the following reasons.

I.      **Procedural History**

The facts underlying this action were set out in the decision of the Eighth Circuit Court of Appeals in *Duit Construction Company, Inc. v. Bennett*, 796 F.3d 938 (8th Cir. 2015).  Duit, an Oklahoma highway contractor, entered into contracts with the Arkansas State Highway and Transportation Department ("ASHTD") to reconstruct and widen Interstate 30 between Little Rock and Benton.  During the construction, Duit encountered soil conditions that, it alleges, differed materially from information provided by the ASHTD during the bidding process.  The ASHTD allegedly required Duit to engage in expensive and time-consuming "undercutting" to

remedy the conditions.  Duit's claims for compensation were denied by the ASHTD and, after a hearing, by the Arkansas State Claims Commission ("Claims Commission").  Duit appealed to the General Assembly, which affirmed the Claims Commission's adverse decision.  Duit then commenced this 42 U.S.C. § 1983 action, suing officers of the ASHTD and the Arkansas State Highway Commission in their official capacities and seeking prospective injunctive relief under the exception to the State's Eleventh Amendment immunity recognized in *Ex parte Young*, 209 U.S. 123 (1908).  Duit's complaint alleged ongoing violations of the Federal Aid Highway Act of 1956 ("FAHA"), 23 U.S.C. §§ 101 *et seq.*, and the Due Process and Equal Protection clauses of the Fourteenth Amendment.  Duit, in its complaint, seeks an injunction that would "enjoin Defendants from accepting federal aid in connection with construction projects until . . . they fully comply with the federally mandated differing site clause" which, under the FAHA, must be included in all federal-aid highway construction contracts unless prohibited or otherwise provided for by state law.  *See* 23 U.S.C. § 112(e); 23 C.F.R. § 635.109.

Defendants moved to dismiss.  This Court dismissed the FAHA claim because that statute is enforced exclusively "through oversight by an executive agency."  *Endsley v. City of Chicago*, 230 F.3d 276, 281 (7th Cir. 2000).  This Court dismissed Duit's due process claim because Duit's interest in future highway contracts is not a protected property interest and because Duit's right to appeal claim denials to the Claims Commission and then to the General Assembly satisfies the Fourteenth Amendment requirement of procedural due process.  This Court denied Defendants' motion to dismiss Duit's equal protection claim.  Defendants appealed this Court's denial, and the Eighth Circuit Court of Appeals reversed, concluding that Duit lacks Article III standing to bring its equal protection claim.  Although Duit did not cross appeal this Court's rulings dismissing it's FAHA and due process claims, the Eighth Circuit Court of Appeals

remanded with instructions that, "if the case proceeds as to Duit's FAHA and due process claims, the district court should address whether Duit has Article III standing to assert those claims, and whether the *Ex parte Young* exception applies to the claims against these defendants, before entering a final order."   Therefore, after the mandate issued, this Court instructed the parties to brief the issues raised in the Eighth Circuit's opinion.   The parties have submitted their respective briefs, and these issues are now before this Court.

## II.      Standing

Those who do not possess Article III standing may not litigate claims in the courts of the United States.   *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 475–76 (1982).   As the Eighth Circuit observed, Duit must assert an equal protection claim that "is the sort of Article III case or controversy to which federal courts are limited."   *Duit*, 796 F.3d at 940 (quoting *Calderon v. Ashmus*, 523 U.S. 740, 745 (1998) (quotation omitted)).   To establish Article III jurisdiction, Duit must demonstrate standing to assert this claim against Defendants.   *Id.* (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)).   Standing requires (1) an injury that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) that the injury be fairly traceable to the challenged action of the defendant; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.   *Id.* (citing *Turkish Coalition of Am., Inc. v. Bruininks*, 678 F.3d 617, 621 (8th Cir. 2012) (quotations omitted)).

Here, Duit has not sued the Claims Commission or its members and fails to allege that Defendants influenced, or had the authority and ability to influence, the Claims Commission's adjudication of contractor claims against the State.   The Eighth Circuit concluded that this failure was fatal to Duit's claim that it was denied equal protection under the law because it was

3

purportedly treated differently *by the Claims Commission*.  Duit also fails to meet the threshold standing requirements for its FAHA and due process claims.

A.    **FAHA**

With regard to its FAHA claim, Duit contends that during performance of the work, the ASHTD discovered a soil condition that was materially different from that which could have been anticipated based upon the disclosures contained in the construction contract (Dkt. No. 1, ¶ 28).  Duit alleges that the ASHTD did not inform Duit of the discovery of these differing site conditions (*Id*.).  Duit contends that ASHTD required the expensive undercutting work, despite the fact that Duit provided other options (*Id*., ¶ 29).  As a result, Duit alleges it encountered substantial delays and disruptions; incurred millions of dollars in additional, un-reimbursed costs to complete the work required by the contracts; and filed claims with the Resident Engineer under each contract (*Id*., ¶ 39).  Duit alleges that ASHTD's Resident Engineer denied its claims and that ASHTD's Chief Engineer denied the claims as well.  Only after those denials by ASHTD employees did Duit present its claim to the Claims Commission (*Id*., ¶ 40).  Duit contends that it is the ASHTD's policy to include a detailed disclaimer that shifts the risk of unfavorable subsurface conditions to the contractor, contrary to the purpose of the FAHA.  Duit requests that this Court enter an injunction prohibiting ASHTD from accepting any federal funding until it complies with Duit's interpretation of the FAHA.  Thus, Duit alleges in its complaint that, with respect to its FAHA claim at least, ASHTD is the party that is violating the FAHA, not the Claims Commission, and requests relief directed against ASHTD, not against the Claims Commission.

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."

4

*City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488 (1974)).  The equitable remedy of injunctive relief is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a "likelihood of substantial and immediate irreparable injury." *Id*. at 111 (quoting *O'Shea*, 414 U.S., at 502).  Here, the speculative nature of Duit's claim of future injury leads this Court to conclude that Duit has not established this requirement, thereby barring its request for equitable relief.  Duit's alleged injury stems from two contracts voluntarily executed in 2002 and completed long ago.  In its complaint, Duit contends only that it may do business with the State of Arkansas in the future.  Defendants contend that Duit has not bid on a project in Arkansas since 2002 (Dkt. No. 48, at 17).  Further, as Defendants point out, putting aside the conjectural nature of Duit's sole allegation about future business and assuming that Duit opted to bid again on a project in Arkansas, there is a speculative chain of events that would have to occur before Duit would face the prospect of future injury like that it complains of here (Dkt. No. 48, at 16).  This Court agrees that Duit's complaint is based on a series of "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).

This Court also concludes that the relief Duit seeks—an injunction to prohibit the funding of highway projects in Arkansas with federal funds—would not serve to redress any alleged ongoing harm.  For these reasons, the Court concludes Duit lacks standing to pursue its FAHA claim.

### B.      Due Process

Next, this Court examines Duit's standing to bring its due process claim.  That Duit's complaint is based on a series of "contingent future events that may not occur as anticipated, or

indeed may not occur at all," thwarts Duit's standing to assert its due process claim, just as it thwarts Duit's standing to assert its FAHA claim. *Texas*, 523 U.S. at 300. As with its equal protection claim, Duit's due process claim also focuses on the decision of the Claims Commission, not the decisions or actions of the ASHTD. For instance, Duit alleges that the Claims Commission violated Duit's due process rights by granting $100,000 to an Arkansas contractor after finding that the ASHTD had failed to provide sufficient information in its bid package so that the claimant and other bidders could more adequately prepare their bids for submission but refused to make the same finding in Duit's case. This alleged conduct is not fairly traceable to any named defendant. For these reasons, this Court concludes that Duit does not have standing to pursue its due process claim.

### III.     *Ex parte Young* Doctrine

As the Eighth Circuit observed, though they are distinct jurisdictional requirements, "there is a common thread between Article III standing analysis and *Ex parte Young* analysis." *Cressman v. Thompson*, 719 F.3d 1139, 1146 n.8 (10th Cir. 2013). Under *Ex parte Young*, state officials may be sued in their official capacities for prospective injunctive relief when the plaintiff alleges that the officials are acting in violation of the Constitution or federal law. *Missouri Child Care Ass'n v. Cross*, 294 F.3d 1034, 1037 (8th Cir. 2002). In addition, the named state official "must have some connection with the enforcement" of the challenged statute. *Ex parte Young*, 209 U.S. at 157 (emphasis added).

This Court determined that Duit's complaint seeks prospective injunctive relief. Indeed, the only relief Duit seeks is an injunction preventing the ASHTD from accepting federal highway aid. Duit contends that the named defendants have responsibilities that are "directly related to Duit's injuries and a favorable decision in this lawsuit will cause them to redress that

injury" (Dkt. No. 46, at 5).   Duit makes clear that the State of Arkansas assented to the provisions of the Federal Aid Highway Act.  Ark. Code Ann. § 27-65-113.  Duit also argues that the ASHTD Director, who is a named defendant here, is the chief executive officer of the ASHTD, is subject to the approval of the State Highway  Commission, and has direct and full control and management of the affairs relating to the state highways.  Ark. Code Ann. § 27-65-122.   Further, Duit maintains that the State Highway Commission, the chairman and vice chairman of which are named defendants, is vested with broad powers and duties by Arkansas statute, including the power to let all contracts for the construction, improvement, and maintenance of the roads comprising the state highway system and to comply fully with the provisions of the federal aid acts.  Ark. Code Ann. § 27-65-107.  Duit argues the Commission may enter into contracts or agreements with the United States Government relating to the survey, construction, improvement, and maintenance of roads under the provisions of any congressional enactment.  *Id.*

Because of this, the Court determines that the named defendants have some connection to the challenged statute, but this Court concludes that they do not have a connection with the enforcement of the challenged statute so as to survive the *Ex parte Young* analysis.  *Ex parte Young*, 209 U.S. at 157.  This Court concludes, for the reasons explained in its initial Order, that the Federal Highway Administration has the power to enforce the challenged statute and to impose the relief Duit seeks here (Dkt. No. 24).  Therefore, this Court concludes that Duit's FAHA claim fails the *Ex parte Young* analysis.   *See, e.g.*, *Balogh v. Lombardi*, No. 14-3603, 2016 WL 929358, at *7 (8th Cir. Mar. 11, 2016) (concluding that while the connection between the official and the challenged statute does not need to be primary authority to enforce the

challenged law, the *Ex parte Young* exception to sovereign immunity does not apply when the state official has no authority to enforce the challenged law).

As for Duit's due process claim, this Court concludes that Duit's due process claim fails the *Ex parte Young* analysis. Duit fails to demonstrate that this claim can be brought against these defendants. *See DamilerChrysler Corp.*, 547 U.S. at 352. The only relief Duit seeks—an injunction to prohibit the funding of highway projects in Arkansas with federal funds—would not serve to redress any alleged ongoing harm from a purported due process violation. Duit's passing reference to due process in its complaint does not make clear its primary due process concern, but its recent filings indicate that Duit's primary concern is the absence of judicial review (Dkt. No. 1, ¶ 71; Dkt. No. 44, at 5; Dkt. No. 46, at 7−8). It is unclear how the relief Duit seeks here would remedy this concern. Duit fails to explain how ASHTD and its officers would be able to override the Claims Commission process, which is rooted in Arkansas law. *See* Ark. Code Ann. § 19-10-211; Ark. Const., Art. 5, § 20. As the Eighth Circuit Court of Appeals recognized, "it is totally speculative whether the only relief requested in the complaint—an injunction preventing defendants from accepting federal highway aid—would have any effect on the practices of the Claims Commission, a separate Arkansas government entity. Mere speculation is insufficient to satisfy this element of standing." *Duit*, 796 F.3d at 941.

## IV.     Motion For Reconsideration

Even if Duit did have standing and survived the *Ex parte Young* analysis, this Court would deny Duit's motion to reconsider its prior order dismissing Duit's FAHA and due process claims. In its motion, Duit requests that this Court reconsider its ruling dismissing its FAHA claim in the light of the Supreme Court's holding in *Armstrong v. Exceptional Child Center, Inc.*, 135 S. Ct. 1378 (2015). Even if *Armstrong* applies here, pursuant to *Armstrong*, when a

statutory enforcement scheme displays an intent to foreclose the availability of equitable relief, the statute does not create a private cause of action.   Here, this Court concludes the FAHA evidences such an enforcement scheme.   Rather than supporting reconsideration as Duit contends, *Armstrong* bolsters this Court's conclusion that enforcement of the FAHA lays with the Secretary of Transportation and not with Duit as a private litigant.   Therefore, the Court denies Duit's motion for reconsideration of this Court's Order dismissing its FAHA claim.

Likewise, if Duit has standing to maintain its due process claim and survives the *Ex parte Young* analysis, this Court denies Duit's motion for reconsideration of this Court's order dismissing its due process claim.   Because Duit's motion for reconsideration does not set forth any additional argument regarding its due process claim, this Court adopts the analysis set forth in its prior Order (Dkt. No. 24).

## V.       Conclusion

This Court concludes that Duit lacks standing to pursue its FAHA claim and that Duit's FAHA claim fails the *Ex parte Young* analysis.   Alternatively, the enforcement scheme in the FAHA displays an intent to foreclose the availability of equitable relief.   Therefore, this Court denies Duit's motion to reconsider the prior Order dismissing Duit's FAHA claim (Dkt. No. 43). The Court also concludes that Duit does not have standing to pursue its due process claim and that Duit's due process claim fails the *Ex parte Young* analysis.   Alternatively, this Court denies Duit's motion for reconsideration (Dkt. No. 43).

In sum, this Court dismisses Duit's FAHA and due process claims and denies Duit's motion for reconsideration (Dkt. No. 43).  The Court denies all remaining pending motions as moot (Dkt. Nos. 26, 29, 36).

It is so ordered this 30th day of March, 2016.


Kristine G. Baker
United States District Judge